WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel J. DeRienzo,<br><br>                          Plaintiff,<br><br>v.<br><br>Yavapai County, et al.,<br><br>                          Defendants. | NO. CIV-05-3088-PCT-SMM<br><br>**ORDER** |

On October 4, 2005, Plaintiff filed a Complaint initiating this lawsuit. (Dkt. 1.) On December 5, 2005, Defendants filed a Motion to Dismiss for failure to state a claim. (Dkt. 7.) On July 10, 2006, the Court dismissed Plaintiff's Complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure, but granted Plaintiff leave to amend. (Dkt. 14.) In its order dismissing Plaintiff's Complaint without prejudice, the Court ruled that Plaintiff was permitted to file an amended complaint no later than August 11, 2006. (Id. at 2.) More than ninety (90) days have elapsed since the Court issued its Order dismissing Plaintiff's Complaint with leave to amend and Plaintiff has failed to file an amended complaint.

Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff to comply with court orders in a timely fashion. Here,

Plaintiff's failure to file an amended complaint more than sixty (60) days after the Court-ordered deadline has elapsed constitutes failure to prosecute.  See Dkt. 14.

Federal Rule of Civil Procedure 41(b), in relevant part, provides, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant."  See Fed. R. Civ. P. 41(b).  Although the language indicates that Rule 41(b) is applicable upon motion by the defendant, "courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."  Hells Canyon Preservation Council v. United States Forest Service, 403 F.3d 683, 689 (9th Cir. 2005) (citing Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003)).  "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case."  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).

In the Ninth Circuit, a court may dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with Local Rule); In re Eisen, 31 F.3d 1447, 1451-55 (9th Cir. 1994) (dismissal for lack of prosecution); Ferdik, 963 F.2d at 1260-61 (dismissal for failure to comply with court order).  Moreover, involuntary dismissal under Rule 41(b) may be proper where a plaintiff, given the opportunity to amend, does nothing.  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004).  Where a plaintiff is given "the opportunity to amend or be dismissed [and does] nothing [,]. . . resources continue to be consumed by a case sitting idly on the court's docket."  Edwards, 356 F.3d at 1065.

In determining whether to dismiss an action for lack of prosecution or failure to

obey a court order district courts must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Yourish, 191 F.3d at 990. The Ninth Circuit "may affirm a dismissal where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." Id. (citation omitted).

Here, the public's interest in expeditious resolution of litigation and the Court's need to manage its docket support dismissal where, following a finding of failure to properly state a claim, Plaintiff was provided an opportunity to amend but has failed to amend more than sixty (60) days after the allotted time. See Dkt. 14.  Indeed, as in Yourish, "Plaintiff[]'s noncompliance [here] has caused the action to come to a complete halt, thereby allowing Plaintiff[] to control the pace of the docket rather than the Court." Yourish, 191 F.3d at 990.  Moreover, "the public's interest in expeditious resolution of litigation always favors dismissal." Id.  The second factor also weighs in favor of dismissal because the Court's docket is one of the five heaviest in the nation and there is little utility in maintaining a case that is not being prosecuted.

Although the public policy favoring disposition of cases on their merits weighs against dismissal, Plaintiff's counsel in the present case has not moved to enlarge time for filing an amended complaint or otherwise notified the Court or opposing counsel of the reasons why an amended complaint has not been filed more than sixty (60) days after the Court-ordered date has expired.  With respect to the third factor, the Court finds that the Defendants would be prejudiced by the need for further litigation of this matter due to Plaintiff's non-responsiveness.  Any further extension will only serve to increase the likelihood that evidence in support of the defense will be lost due to the passage of time, and will unreasonably delay the progress of the action, thereby prejudicing Defendants,

who are entitled to a prompt resolution of the allegations against them.  See Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."); see also Yourish, 191 F.3d at 991 ("unreasonable delay" may constitute prejudice to defendant).

The fifth factor also weighs in favor of dismissal.  With respect to the availability of less drastic alternatives, there is no sanction the Court could impose that would compel Plaintiff to participate in the litigation.

In sum, four of the five factors weigh in favor of dismissal.  Accordingly, the Court finds that the need to manage its docket, the public interest in speedy resolution of cases, the apparent prejudice to Defendants, and the lack of less drastic alternatives to dismissal outweigh the policy of concluding suits on the merits.  See Yourish, 191 F.3d at 990-91; Pagtalunan, 291 F.3d at 642-43; Bautista, 216 F.3d at 841.  Thus, dismissal of the present case under Rule 41(b) for failure to prosecute and failure to obey the Court's Order (dkt. 14) is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment in favor of Defendants and against Plaintiffs and close this case.

DATED this 20th day of October, 2006.

Stephen M. McNamee
United States District Judge