1  **WO**

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

10  Daniel J. DeRienzo,       )  Case No. CIV 05-3088-PCT-SMM
      )
11        Plaintiff,      )  **ORDER**
      )
12  vs.       )
      )
13        )
Yavapai County, Yavapai County Board)
14  of Supervisors, Chip Davis and Lorna)
Street,       )
15        )
      Defendants.    )
16  _____

17

18       Pending before the Court is Plaintiff Daniel J. DeRienzo's Motion for Relief from

19  Order filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. 18). The

20  parties have presented their arguments, and the motion is now ripe for determination.

21                   **<u>BACKGROUND</u>**

22       On October 4, 2005, Daniel J. DeRienzo (Plaintiff) filed a Complaint alleging *inter*

23  *alia* that Yavapai County, Yavapai County Board of Supervisors, Chip Davis, and Lorna

24  Street (Defendants) violated his civil rights. (Dkt. 1). On December 5, 2005, Defendants,

25  pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (FRCP), filed a Motion to

26  Dismiss Plaintiff's Complaint for failure to state a claim. (Dkt. 7). After a series of events

27  that included an extension to respond to Defendants' Motion to Dismiss, this Court dismissed,

28  without prejudice, Plaintiff's Complaint on July 10, 2006, pursuant to Rule 8 FRCP. (Dkt.

1   8-14). Additionally, the Court granted Plaintiff until August 11, 2006, to file an Amended

2   Complaint. (Dkt. 14). Plaintiff did not comply with the Court's Order, and on October 23,

3   2006, this Court dismissed Plaintiff's Complaint with prejudice, according to Rule 41(b)

4   FRCP. (Dkt. 16). Thereafter, on November 3, 2006, Plaintiff filed a Motion for Relief from

5   Order pursuant to Rule 60(b). (Dkt. 18). Defendants then filed a Response on November

6   20, 2006, and Plaintiff filed a Reply to Defendant's Response on November 28, 2006. (Dkt.

7   19-20). Plaintiff's motion is now ripe for disposition by this Court.

8   **STANDARD OF REVIEW**

9   Rule 60(b) permits reconsideration of a district court order based on: (1) mistake,

10  inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due

11  diligence could not have been discovered in time to move for a new trial under Rule 59; (3)

12  fraud, misrepresentation, or misconduct by an adverse party;(4) circumstances under which

13  a judgment is void; (5) circumstances under which a judgment has been satisfied, released,

14  or discharged, or a prior judgment upon which it is based has been has been reversed or

15  otherwise vacated, or it is no longer equitable that the judgment should have prospective

16  application; or (6) any other reason justifying relief from the operation of the judgment. *See*

17  Fed. R. Civ. P. 60(b)(1) - (b)(6).

18  According to Ninth Circuit authority,  reconsideration under FRCP 60 is generally

19  appropriate in three instances: (1) when there has been an intervening change of controlling

20  law; (2) when new evidence has come to light; or (3) when necessary to correct a clear error

21  or prevent manifest injustice. *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th

22  Cir. 1993). Motions for relief from judgment pursuant to Rule 60(b) are within the sound

23  discretion of the district court and will not be reversed absent an abuse of discretion. *SEC*

24  *v. Coldicutt*, 258 F.3d 939, 941 (9th Cir. 2001). A Rule 60(b) motion must be brought within

25  a "reasonable" time, which cannot exceed more than one year if the motion is based on

26  mistake, newly-discovered evidence, or fraud. *See* Fed. R. Civ. P. 60(b).

27

28  **DISCUSSION**

1   Plaintiff is seeking relief from this Court's final judgment on the grounds that a staff

2   member employed by his attorney did not file an amended complaint as ordered by the Court.

3   (Dkt. 18).  In support of his argument, Plaintiff focuses on Rule 60(b), sections (1) and (6),

4   and the factors set forth by the Ninth Circuit in *Yourish v. Cal. Amplifier*. *Id*.  For the reasons

5   outlined in the following sections, Plaintiff's motion is **DENIED**.

6   **Rule 60(b)(1)**

7   Rule 60(b)(1) provides that, "the court may relieve a party or a party's legal

8   representative from a final judgment, order, or proceeding for . . . mistake, inadvertence,

9   surprise or excusable neglect."  In this case, Plaintiff asserts that a "reliable" staff member

10  employed by his attorney failed to file Plaintiff's Amended Complaint by the Court ordered

11  date of August 11, 2006.  (Dkt. 18).  Plaintiff further alleges that this employee ceased

12  working, moved to Washington, and did not notify anyone in the office that she failed to file

13  the Amended Complaint.  *Id*.  Subsequent to the dismissal under Rule 41(b) FRCP, Plaintiff

14  moved for relief from the judgment stating, "the facts giving rise to the untimely filed

15  amended complaint evidence excusable neglect." *Id*.  However, as a general rule, "parties are

16  bound by the actions of their lawyers, and alleged attorney malpractice does not usually

17  provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Pioneer Inv. Servs. Co.*

18  *v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 397 (1993).  Further, parties are to be held

19  responsible for the acts and omissions of their chosen counsel and "attorney error is

20  insufficient grounds for relief under . . . Rule 60(b)(1)." *Allmerica Fin. Life Ins. & Annuity*

21  *Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997).  According to the Ninth Circuit, an

22  attorney's failure to follow court procedures and rules does not constitute excusable neglect

23  under Rule 60(b). *Engelson v. Burlington Northern Railroad Co.*, 972 F.2d 1038, 1043 (9th

24  Cir. 1992); *See also Smith v. Stone*, 308 F.2d 15, 18 (9th Cir. 1962).  Furthermore, carelessness

25  and ignorance on the part of the litigant or his attorney are not the type of excusable neglect

26  contemplated by Rule 60(b). *Id*.  Here, Plaintiff should not be granted relief from the Court's

27  judgment simply because a staff member employed by his attorney failed to file an amended

28  complaint before the expiration of the Court ordered deadline.  It is clear from Ninth Circuit

1   precedent that the conduct of Plaintiff's attorney is not the type contemplated under Rule

2   60(b)(1).  Plaintiff should be held accountable for his own actions and for the actions of his

3   chosen counsel and this includes innocent, albeit careless or negligent attorney mistakes.

4   *United States v. Prairie Pharmacy, Inc.*, 921 F.2d 211, 214 (9th Cir. 1990).  The Court finds

5   that the attorney's actions, as well as those of the staff member, amount to carelessness and

6   ignorance, *not* excusable neglect.  *See Engelson v. Burlington Northern Railroad Co.*, 972

7   F.2d at 1038.   Therefore, Plaintiff will not be granted relief from judgment under FRCP Rule

8   60(b)(1).  *Id.*

9   **Rule 60(b)(6)**

10   Alternatively, Plaintiff requests the Court grant relief from judgment pursuant to Rule

11   60(b)(6), which provides, "the court may relieve a party or a party's legal representative from

12   a final judgment, order, or proceeding, for . . . any other reason . . . justifying relief from the

13   operation of the judgment." The Ninth Circuit has repeatedly stated that Rule 60(b)(6) should

14   be used "sparingly as an equitable remedy to prevent manifest injustice and is to be utilized

15   where extraordinary circumstances prevented a party from taking timely action to prevent or

16   correct an erroneous judgment." *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir.

17   2005); *See also United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.

18   1993); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103-1104 (9th Cir. 2006).

19   Plaintiff alleges that his lawyer's lengthy recuperation and staff changes nonetheless

20   demonstrate "extraordinary circumstances." (Dkt.  18).  According to the Ninth Circuit, an

21   attorney's conduct may amount to extraordinary circumstances if he acts in a way that is

22   deemed *grossly negligent*.  *Community Dental Services v. Tani*, 282 F.3d 1164, 1169 (9th Cir.

23   2002). Further, a party may be entitled to relief under Rule 60(b)(6) where personal problems

24   of counsel cause an attorney to *grossly neglect* a diligent client's case and deliberately mislead

25   the client.  *Id.*  (citations omitted).  After careful consideration, the Court finds that such

26   circumstances are not present in the case at hand.  In fact, Plaintiff does not allege any form

27   of gross negligence.  To the contrary, Plaintiff states that his attorney hired two additional

28   attorneys to help manage his caseload while he was in recovery. (Dkt.  18).  Morever, the

1   alleged senior staff member who failed to file the amended complaint was described as

2   "reliable" and "never failing." *Id*.  This evidence does not show that Plaintiff's attorney

3   "virtually abandoned his client by engaging in inexcusable and inexplicable acts".  *See*

4   *Community Dental Services v. Tani*, 282 F.3d at 1169.  Rather, this case falls under the

5   category of "ordinary negligence or neglect," which is chargeable to the client as well as his

6   counsel. *Id*. at 1170. (Gross negligence may not be attributable to client whereas ordinary

7   neglect is).  The aforementioned facts show that Plaintiff's counsel was not grossly negligent,

8   therefore, the Motion for Relief under Rule 60(b)(6) is denied.

9   **Yourish Factors**

10   Under Ninth Circuit precedent, the district court must consider the following factors

11   in deciding whether to dismiss an action for failure to comply with a court order*:* (1) the

12   public's interest in expeditious resolution of litigation; (2) the court's need to manage its

13   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition

14   of cases on their merits; and (5) the availability of less drastic alternatives. *Yourish v. Cal.*

15   *Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  A court may dismiss an action where at least

16   four factors support dismissal or where at least three factors "strongly support dismissal." *Id*.

17   It is not required that the district court make explicit findings in order to show that it has

18   considered these factors. *Id*.

19   The first factor is not in controversy as "the public's interest in expeditious resolution

20   of litigation always favors dismissal." *Id*.  The second factor also greatly weighs in favor of

21   dismissal because Plaintiff's failure to amend has "caused the action to come to a complete

22   halt, thereby allowing Plaintiff[] to control the pace of the docket rather than the Court." *Id*.

23   Plaintiff has conceded that factors one and two weigh in favor of dismissal, therefore, these

24   factors do not merit further discussion. (Dkt. 18).  Additionally, the Court recognizes that

25   the fourth factor weighs against dismissal, and therefore, this factor need not be addressed.

26   (Dkt. 14).

27   Regarding the third factor, Plaintiff claims that Defendants would not be prejudiced

28   by this Court's granting relief from judgment because any delay in furthering litigation would

1  only be "slight." *Id.* However, the risk of prejudice is not always judged by the *effect* of the

2  Court's decision. *See Yourish v. Cal Amplifier*, 191 F.3d at 991. Rather, "the risk of prejudice

3  to the defendant is related to the plaintiff's *reason* for defaulting in failing to timely amend."

4  *Id.* (emphasis added)  Whether prejudice is sufficient to support an order of dismissal is in

5  part judged by plaintiff's excuse for the default. *Malone v. U.S. Postal Service*, 833 F.2d 128,

6  131 (9th Cir. 1987). In this case, Plaintiff's excuse for default was "very poor." *See Yourish*

7  *v. Cal. Amplifier*, 191 F.3d at 992. Plaintiff claims that the staff member neglected to file an

8  amended complaint even though this unidentified employee "never failed." (Dkt. 18).

9  Further, Plaintiff claims that Defendants have not been prejudiced because had Plaintiff filed

10 a timely amended complaint, or had he moved for and been granted enlarged time to file it,

11 Defendants would still be in litigation. *Id.* While Defendants should expect limited delays

12 from the pendency of the lawsuit, they should not be expected to endure "unreasonable

13 delays" from an opposing party's failure to obey court orders. *See Yourish v. Cal. Amplifier*,

14 191 F.3d at 992. Here, Plaintiff did not move to for enlarged time, nor did he file the

15 amended complaint as ordered by the Court. Plaintiff's only excuse for not following the

16 Court's Order is that an ordinarily reliable staff member failed to file the amended complaint.

17 Moreover, Plaintiff's Counsel has failed to demonstrate that he had procedures in place to

18 back-up the staff member or review the matter personally. After careful consideration, the

19 Court finds that the excuse for Plaintiff's delay is not a "realit[y] of the system" and therefore

20 unreasonable. *Id.* Further, the Court finds that there was sufficient prejudice to Defendants

21 in the form of a delay in litigation and accordingly, factor three strongly favors dismissal. *Id.*

22      In addition to the first three factors, the Court finds that the fifth factor weighs in favor

23 of dismissal. (Dkt. 14). Plaintiff argues that the record does not show that the court

24 entertained an alternative to dismissal. However, the Court specifically stated, "no other

25 alternative would compel Plaintiff to participate in the litigation." (Dkt. 14). Further, the

26 Court is not *required* to make an explicit finding regarding this factor. *See Yourish v. Cal.*

27 *Amplifier*, 191 F.3d at 990. Hence, this Court affirms its earlier finding that the fifth factor

28 also favors dismissal of Plaintiff's case.

1    In sum, four of the five factors weigh in favor of dismissal. Additionally, factors one,

2    two, and three "strongly" favor dismissal. Accordingly, this Court again finds that the interest

3    in efficient resolution of cases, the need to manage its docket, the apparent prejudice to

4    Defendants, and the lack of less drastic and appropriate alternatives outweigh the policy of

5    deciding this case upon its merits. *Id*. Thus, the Court finds no merit in Plaintiff's argument

6    that the *Yourish* factors support his argument that he is entitled to relief from judgment

7    according to Rule 60(b) FRCP.

8                                    **<u>Conclusion</u>**

9    Accordingly,

10    **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Relief from Order (Dkt.

11   18) is **DENIED**.

12    DATED this 29th day of June, 2007.

23   _____
     Stephen M. McNamee
     United States District Judge

- 7 -